# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ESTATE OF ROBERT CURLY, | |
| Appellant, | NO. 3:07-CV-1772 |
| v. | (JUDGE CAPUTO) |
| JOANN MARIE CURLEY, | |
| Appellee. | |

## MEMORANDUM

Presently before the Court is an appeal from an order issued by the United States Bankruptcy Court for the Middle District of Pennsylvania. Appellee moves to dismiss the appeal as untimely under Federal Rule of Bankruptcy Procedure 8002, or in the alternative, for dismissal of the appeal for failure to comply with Federal Rule of Bankruptcy Procedure 8006. For the reasons stated below, the Appellee's motion will be granted and the appeal will be dismissed based on lack of subject matter jurisdiction due to the untimely filing of the notice of appeal. Because the appeal will be dismissed based upon lack of jurisdiction, the arguments regarding failure to comply with Federal Rule of Bankruptcy Procedure 8006 will not be discussed.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 158(a)(1), which provides that the district courts of the United States have jurisdiction to hear appeals from final judgments, orders, and decrees of the bankruptcy court sitting within their respective judicial district.

## BACKGROUND

The Debtor filed a Chapter 13 Bankruptcy Petition on October 14, 2005. (Appellee's Mot. to Dismiss Appeal ¶ 1, Doc. 4; Appellant's Answer to Appellee's Mot. to Dismiss Appeal ¶ 1, Doc. 10.) On May 24, 2007, the Debtor filed an Amended Chapter 13 Plan. (Doc. 4 ¶ 2; Doc. 10 ¶ 2.)  On May 27, 2007, the Bankruptcy Noticing Center served the Notice to Creditors and Other Parties in Interest, which provided that Objections to the Amended Plan were to be filed by June 21, 2007.  (Doc. 4 ¶ 3; Doc. 10 ¶ 3.)  The Bankruptcy Noticing Center filed a certificate of service on May 28, 2007, listing all entities who had been served with notice.  (Doc. 4 ¶ 3; Doc. 10 ¶ 3.)  One of the listed recipients was "Mary Curley, Administratrix, Estate of Robert A. Curley, c/o Michael Mey Esq., 318 Penn Avenue, Scranton, PA 18503-1950."  (Doc. 4 ¶ 3; Doc. 10 ¶ 3.)   The Estate was listed as a creditor in the original petition, and received other documents, such as the Notice of Commencement of the case.  (Doc. 4 ¶ 3; Doc. 10 ¶ 3.)  Furthermore, the attorney for the Estate actively participated in conference calls with creditors and the Bankruptcy Court.  (Doc. 4 ¶ 3; Doc. 10 ¶ 3.)

The Amended Plan was confirmed without objection on June 25, 2007.  (Doc. 4 ¶ 4; Doc. 10 ¶ 4.) On July 2, 2007, the Appellant filed an objection to the confirmation of the amended plan. (Doc. 4 ¶ 5; Doc. 10 ¶ 5.) On July 3, 2007, the Court entered an Order overruling the objection as untimely.  (Doc. 4 ¶ 6; Doc. 10 ¶ 6.)  On August 3, 2007, the Appellant filed a motion of reconsideration of the July 3, 2007 order.  (Doc. 4 ¶ 6; Doc. 10 ¶ 6.)  The same day, the Appellant also filed a Notice of Appeal.  (Doc. 4 ¶ 6; Doc. 10 ¶ 6.)  The motion and notice of appeal was docketed on August 7, 2007.  (Doc. 4 ¶ 6; Doc. 10 ¶ 6.)

On August 8, 2007, Debtor's counsel filed a motion to dismiss the motion for reconsideration and the notice of appeal as untimely. (Doc. 4 ¶ 9; Doc. 10 ¶ 9.)  At a hearing held on September 5, 2007, Chief Bankruptcy Judge John J. Thomas entered an order denying the motion for reconsideration. (Doc. 4 ¶ 10; Doc. 10 ¶ 10.)

The Appeal was docketed with this Court on September 28, 2007. (Doc. 1.)  On October 3, 2007, the Appellee filed the present motion to dismiss for lack of jurisdiction and as frivolous filing. (Doc. 5.)

This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

The district court, sitting as an appellate tribunal, applies a clearly erroneous standard to the bankruptcy court's factual findings and reviews *de novo* its conclusions of law. FED. R. BANKR. P. 8013; *In re O'Brien Envtl. Energy Inc.*, 188 F.3d 116, 122 (3d Cir. 1999); *In re Workman*, No. 3:03-CV-1229, 2004 WL 1004979, at *2 (M.D. Pa. Mar. 30, 2004). Bankruptcy decisions involving the court's exercise of discretion are reviewed for abuse of discretion. *In re Vertientes, Ltd.*, 845 F.2d 57, 59 (3d Cir. 1988). In instances where a lower court has interpreted a statute, however, the reviewing court must exercise plenary review, being sure to read the disputed provision(s) in the context of the entire statute, while being mindful of the statute's objectives and policy arguments. *See U.S. Nat'l Bank of Or. v. Indep. Ins. Agents of Am.*, 508 U.S. 439, 455 (1993); *see also Mitchell v. Cellone*, 389 F.3d 86, 89-90 (3d Cir. 2004).

Because the Bankruptcy Court based its denial of the Appellant's objection and

the subsequent motion for reconsideration on an interpretation of the Federal Rules of Bankruptcy Procedure, this Court – sitting as an appellate tribunal – will apply plenary review to those statutory interpretations.  *In re Atl. Bus. and Cmty. Dev. Corp.*, 994 F.2d 1069, 1071 (3d Cir. 1993).

## DISCUSSION

Pursuant to the Middle District of Pennsylvania's Bankruptcy Local Rule 9023-1, "A motion for reconsideration must be filed within ten (10) days after the entry of the judgment, order or decree concerned."  This is an addition to the Federal Rule of Bankruptcy Procedure 9023, which incorporates Federal Rule of Civil Procedure 59, except in one instance not applicable here.  Federal Rule of Civil Procedure 59 similarly requires a motion to alter or amend judgment to "be served no later than 10 days after the entry of judgment."

Federal Rule of Bankruptcy Procedure 8002(a) requires that a notice of appeal be filed within ten (10) days of the entry of the judgment, order, or decree that is to be appealed.  However, the time for filing may be tolled.  Rule 8002(b) states that "if any party makes a timely motion of a type specified below, the time for appeal runs from the entry of the order disposing of the last such motion outstanding."  FED. R. BANKR. P. 8002(b).  Included in Rule 8002(b) are tolling provisions "to alter or amend the judgment under Rule 9023."  FED. R. BANKR. P. 8002(b)(2).

The Appellant argues in its brief that when a motion for reconsideration is made pursuant to an earlier order, the time for filing an appeal is tolled until the date of denial of

4

the motion to reconsider. *See Indemnity Ins. Co. Of North America v. Reisley*, 153 F.2d 296 (2d Cir. 1945), *cert. denied*, 328 U.S. 857 (1946). However, in the Appellant's case, the Middle District of Pennsylvania Bankruptcy Court held that the motion to reconsider was untimely. The Third Circuit Court of Appeals in *Whitemere Dev. Corp., Inc. v. Cherry Hill Twp.*, 786 F.2d 185 (3d Cir. 1986) dealt with a similar situation. In *Whitmere*, a third-party filed a motion to modify judgment twenty-nine (29) days after the initial order. *Id.* at 187. The Bankruptcy Court granted the motion to amend several months later. *Id.* The debtors filed a notice of appeal nine (9) days after the entry of the order granting the motion to amend. *Id.* The Third Circuit Court of Appeals noted that Bankruptcy Rule 9023 incorporates Federal Rule of Civil Procedure 59, which states that a motion to alter or amend judgment "shall be served no later than 10 days after the entry of judgment." *Id.* (citing FED. R. CIV. P. 59.)

The Third Circuit Court of Appeals also cited the general rule that if a "timely motion is filed in the bankruptcy court by any party . . . under Rule 9023 to alter or amend the judgment," the time for appeal is tolled until the entry of an order granting or denying such motion. *Id.* (citing FED. R. BANKR. P. 8002(b)(2)). However, the Third Circuit Court of Appeals found that the motion to amend was untimely, as it was filed twenty-nine (29) days after the entry of the order. *Id.* The court further held that an untimely Rule 59 motion does not serve to toll the running of the appeals period, and that the notice of appeal was therefore untimely. *Id.*

Other circuits have agreed with such reasoning. In *Allen v. Chapter 7 Trustee*, 223 Fed. App'x 770 (10th Cir. 2007) (not precedential), the Tenth Circuit Court of Appeals

considered a similar issue.   In this case, the bankruptcy court initially denied the plaintiff-appellant's removal motion.  *Id.* at 771.  Fourteen (14) days later, the plaintiff-appellant filed a motion to reconsider in the bankruptcy court.  *Id.* At that time, the bankruptcy court denied the motion to reconsider on the grounds that it was untimely.  *Id.*  The Tenth Circuit Court of Appeals held that since the motion was filed more than ten (10) days after the order, the motion to reconsider was untimely.  *Id.* at 771-72 (quoting Bankruptcy Rule 8002(a), requiring any appeal to the district court to be filed "within ten days of the date of entry of the . . . order . . . appealed from.").   The court further held that "[t]he untimely motion to reconsider did not toll the ten-day time period for filing a notice of appeal from the order denying the [original] motion."  *Id.* at 772. Thus, the district court only had jurisdiction over the motion to reconsider, and not the original removal motion.  *Id.*  As the district court correctly held that the motion to reconsider should be denied on timeliness, the Tenth Circuit Court of Appeals agreed that the district court therefore lacked subject matter jurisdiction to hear the appeal.  *Id.*

In this case, Appellant the Estate of Robert Curley filed a Motion for Reconsideration and a Notice of Appeal of the July 3, 2007 order on August 3, 2007. There was a thirty-one (31) day lapse between the July 3rd order and the filing of both the motion to reconsider and the notice of appeal.  Therefore, the Appellant's motion to reconsider was not filed within the required ten (10) day period.  As the Bankruptcy Court correctly ruled, the motion to reconsider was untimely.  Furthermore, the Appellant failed to request an extension of time pursuant to Federal Rule of Bankruptcy Procedure 8002(c).  Because the motion to reconsider was untimely, the time to file the notice of

appeal was not tolled. As there was no tolling, the notice of appeal was required to be filed within ten days of the July 3rd order. The Notice of Appeal was filed on August 3rd, and was therefore untimely.

Failure to file a timely notice of appeal deprives the district court of subject matter jurisdiction to review the order of the bankruptcy court. *In re Universal Minerals, Inc.*, 755 F.2d 309, 311-12 (3d Cir. 1985). As the untimely motion to reconsider failed to toll the filing deadlines for the notice of appeal, the Appellant's Appeal will be dismissed for lack of subject matter jurisdiction due to untimeliness.

## CONCLUSION

For the reasons set forth above, the Appellee's motion to dismiss will be granted, and the case will be dismissed due to lack of subject matter jurisdiction.

An appropriate Order follows.

| | |
|---|---|
| November 15, 2007 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ESTATE OF ROBERT CURLEY, | |
| Appellant, | NO. 3:07-CV-1772 |
| v. | (JUDGE CAPUTO) |
| JOANN MARIE CURLEY | |
| Appellee. | |

## **ORDER**

**NOW**, this   15th   day of November, 2007, **IT IS HEREBY ORDERED** that the Appellee's motion is **GRANTED** and the case is **DISMISSED**.

　　　　　　　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge